**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommy Don Drew, | No. CIV 07-156-PHX-PGR (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Dora Schriro; et al., | |
| Respondents. | |

On January 23, 2007, Tommy Don Drew, an inmate confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. He filed an amended petition on March 5, 2007. [#5][1] Before the court are the amended petition and the respondents' answer.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge again recommends the District Court, after its independent review of the record, enter an order dismissing the amended petition. Drew has not exhausted his claim.

---

[1] Clerk's record number.

1  Summary of the Case

2  Drew pleaded guilty in Pima County Superior Court to one count of promoting prison
3  contraband. (Respondents' answer, exhibit 1, attachment 1.) On April 25, 1994, the trial court
4  imposed a sentence of 15 years' imprisonment and further provided the "defendant must serve
5  at least 2/3 of sentence imposed before eligible for release on any basis." *Id.* Drew received
6  no days of pre-sentence incarceration credit. (Respondents' answer, p. 2.) His "sentence begins
7  date" was April 24, 1994. *Id.*

8  In June of 1996, Drew filed a petition for post-conviction relief challenging various
9  aspects of his prosecution, representation, plea and sentence. (Respondents' answer, pp. 5-6.)
10 The trial court denied the petition, but Drew did not file a petition for review with the court of
11 appeals. (Amended petition, p. 2.)

12 On December 25, 1996, Drew began earning release credits having served one-fourth of
13 his mandatory minimum sentence of two years and six months. (Respondents' answer, p. 2.);
14 *See* A.R.S. §§ 13-604, 41-1604.09 (formerly § 41-1604.06). His Earned Release Credit Date
15 (ERCD) was February 25, 2007. (Respondents' answer, p. 2.) Drew was not released on his
16 ERCD, however, because his Public Risk Score was too high. *Id.*

17 On January 23, 2007, Drew filed a Petition for Writ of Habeas Corpus in this court. He
18 filed an amended petition on March 5, 2007. Drew maintains he renounced his membership in
19 a prison gang to lower his Public Risk Score and qualify for early release. (Amended petition.)
20 To obtain the full benefit of this renunciation, however, he must pass a polygraph examination.
21 *Id.* Unfortunately, according to Drew, he is unable to take the polygraph because the
22 Department of Corrections has not hired personnel to perform this task. *Id.* Drew claims the
23 prison's failure to allow him to take the polygraph violates due process. *Id.* In their answer,
24 the respondents argue Drew failed to exhaust his claim. They further argue the claim is not
25 cognizable in habeas corpus.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless the petitioner first presents his claim to the state courts. This so-called "exhaustion" rule reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A); *See also Preiser v. Rodriguez*, 411 U.S. 475, 477, 491-93, 500 (1973) (State prisoner who challenges the cancellation of his good-time credits and argues he is entitled to immediate or speedier release must proceed via habeas corpus and exhaust his claim.); *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), *cert. denied*, 543 U.S. 991 (2004) (A state prisoner who challenges the administration of his sentence but not the underlying state court judgment must proceed via section 2254, not section 2241.).

This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).

Drew candidly admits the instant petition is his first attempt to resolve this issue. (Amended petition, p. 5.) He has not presented his claim to the state courts for initial review. His claim is not exhausted and should be dismissed.

The respondents argue Drew's claim is now procedurally defaulted, but they do not explain why Drew cannot return to state court and exhaust his claim now. The court does not reach the respondents' alternate argument that Drew's claim is not cognizable in habeas corpus.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. [#1] Drew did not exhaust his claim.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 20th day of September, 2007.

_____
Glenda E. Edmonds
United States Magistrate Judge